UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

SOLID ROCK MISSIONARY
BAPTIST CHURCH, INC.,                              CASE NO. 12-11456-AJC
                                                   Chapter 11
         Debtor.
_____/

### MOTION TO DISMISS BANKRUPTCY CASE AS BAD FAITH FILING OR, ALTERNATIVELY, FOR RELIEF FROM STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION

Evangelical Christian Credit Union ("ECCU"), by undersigned counsel and pursuant to 11 U.S.C. §§ 361, 362(d)(1), 362(d)(2) and 1112(b), files this Motion to Dismiss Bankruptcy Case as Bad Faith Filing or, Alternatively, for Relief from Stay or, Alternatively, for Adequate Protection, and would show the Court as follows:

### PRELIMINARY STATEMENT

In *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988), the United States Court of Appeals for the Eleventh Circuit set forth six factors for the bankruptcy courts to consider in evaluating whether a bankruptcy petition has been filed in bad faith. All six *Phoenix Piccadilly* factors are present in this case, warranting its dismissal as a bad faith filing.

First, the debtor, Solid Rock Missionary Baptist Church, Inc. ("Debtor"), owns only one significant asset, consisting of the real property commonly known as 19000 SW 112th Avenue, Miami, FL 33157 (the "Property").

Second, a review of Schedule F reveals that the Debtor has no unsecured creditors, with the exception of two obligations in an "unknown" amount that " may" be owed to the Debtor's pastor, Rufus Troupe, and its affiliate, Solid Rock Christian Academy, Inc. (the "Academy"). At the Meeting of Creditors, Mr. Troupe testified that the former obligation is actually a gift, and

that he is not expecting repayment. With respect the latter obligation, Mr. Troupe stated that his accountant will need to complete some additional work to determine whether the Academy is actually a creditor or debtor of the Debtor (the Academy is also listed as owing a receivable in an unknown amount on Schedule F). As the Academy has been operating a school on the Property without paying rent for quite some time, ECCU anticipates that the accountant will conclude that the Academy is not a creditor of the Debtor.

Third, a review of the Debtor's Case Management Summary [D.E. #14] reveals that the Debtor has no employees.

Fourth, at the time that this case was commenced, the Debtor's Property was the subject of a pending foreclosure action, Case No. 09-77519-CA-06 (the "Foreclosure Action") in the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County ("State Court"). Indeed, the State Court had already entered its Final Summary Judgment of Foreclosure ("Final Judgment").

Fifth, the Debtor's financial problems involve essentially a two-party dispute between the Debtor and ECCU, which could (and would) have been resolved in the pending state court Foreclosure Action. The bankruptcy court "was not intended as an alternate forum for private disputes that only involve . . . disputants for which there [is] a well established … forum." *In re Panache Development Co., Inc.*, 123 B.R. 929, 932 (Bankr. S.D. Fla. 1991) quoting *In re Harvey Probber, Inc.*, 44 B.R. 647, 650 (Bankr. D. Mass. 1984).

Sixth, the timing of the Debtor's filing of its Chapter 11 petition, *just four days before the scheduled foreclosure sale of the Property*, provides clear evidence of an intent to delay and frustrate the legitimate efforts of ECCU to enforce its rights.

As all six *Phoenix Piccadilly* factors are present here, this Court should dismiss this case as a bad faith filing. Alternatively, this Court should grant ECCU relief from stay under 11 U.S.C. § 362(d)(1) and (d)(2).

With respect to Section 362(d)(1), the Debtor's history of nonpayment clearly constitutes cause for relief from stay. The Debtor has only made two payments to ECCU over the four year history of this loan, and the last payment was made over three and one-half years ago. In addition, cause exists to lift the stay as, *inter alia*, the Debtor (i) filed this bankruptcy proceeding in bad faith and (ii) lacks sufficient income or other assets to fund a Chapter 11 plan.

In addition, the stay should be lifted pursuant to 11 U.S.C. § 362(d)(2) because the Property has no equity and is not necessary to an effective reorganization. The Property is worth less than half the amount owed to ECCU, and the Debtor's Schedules, Statement of Financial Affairs and Case Management Summary reveal that the Debtor cannot meet its burden of establishing that there is a reasonable prospect of a successful reorganization within a reasonable time.

## BACKGROUND FACTS

1.  On or about May 5, 2008, the Debtor and ECCU entered into Construction Loan Agreement (the "Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

2.  In connection with the Loan Agreement, on or about May 5, 2008, the Debtor executed and delivered to ECCU that certain Promissory Note in the original principal amount of $3,400,000, as subsequently revised and/or modified by that certain Revision & Extension Agreement from December of 2008, that certain Revision & Extension Agreement from January 2009, and that certain Revision & Extension Agreement from May 2009, and that certain Loan

Modification Agreement from July 2009 (collectively, the "Note"). A true and correct copy of the Note is attached hereto as Composite Exhibit B.

3. By virtue of a Mortgage dated May 5, 2008 ("Mortgage"), which was executed by the Debtor in favor of ECCU and recorded on May 6, 2008 in Official Records Book 26363, Page 1090, Public Records of Miami-Dade County, Florida, the Note is secured by a lien against the Property. A true and correct copy of the Mortgage is attached hereto as Exhibit C.

4. On or about May 5, 2008, the Debtor executed and delivered to ECCU an Assignment of Rents (the "Assignment of Rents"), which was recorded on May 6, 2008, at Official Records Book 26363, Page 101, Public Records of Miami-Dade County, Florida. A true and correct copy of the Assignment of Rents is attached hereto as Exhibit D.

5. Plaintiff perfected is security interest in the Debtor's personal property by recording a UCC-1 Financing Statement (the "Financing Statement") with the Florida Department of State on or about May 14, 2008, as document number 20080830009X, and in Official Records Book 26363, Page 1109, of the Public Records of Miami-Dade County, Florida. A true and correct copy of the Financing Statement is attached hereto as Composite Exhibit E.

6. ECCU is the current owner and holder of the Loan Documents.

7. Prior to the Petition Date, the Debtor was in default under the terms of the Loan Documents because of, *inter alia*, its failure to make the payment due on August 10, 2008 and all subsequent payments.

8. On or about October 21, 2009, ECCU recorded a *Lis Pendens* and commenced the Foreclosure Action in State Court.

9. On December 16, 2011, the State Court entered its Final Judgment against, *inter alia*, the Debtor in the Foreclosure Action, and a foreclosure sale of the Property was scheduled

for January 23, 2012. A true and correct copy of the Final Judgment is attached hereto as Exhibit F.[1]

10. On January 19, 2012 (the "Petition Date"), *just four days before the scheduled foreclosure sale of the Property*, the Debtor filed its voluntary petition for chapter 11 relief.

11. As demonstrated by the Affidavit of Indebtedness and Indebtedness Worksheet, attached hereto as Exhibits G and H respectively, there was, as of the Petition Date, due and owing ECCU the sum of $4,396,440.74.

12. The Property has no equity. Movant has obtained a recent appraisal ("Appraisal"), attached hereto as Exhibit I, valuing the Property on an As-Is basis at $1,700,000.

13. A review of the Debtor's Schedules, Statement of Financial Affairs and Case Management Summary reveals that the Debtor lacks sufficient income or other assets to fund a Chapter 11 plan.

## LAW & ARGUMENT

### A. This Case Was Filed in Bad Faith and Should be Dismissed Pursuant to 11 U.S.C. § 1112(b).

It is well-settled in the Eleventh Circuit and elsewhere that a bankruptcy case filed in bad faith constitutes "cause" for dismissal of the case under Bankruptcy Code § 1112(b). *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988); *In re Natural Land Corporation*, 825 F.2d 296 (11th Cir. 1987); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984).

Following guidelines established by the Eleventh Circuit, bankruptcy courts throughout this Circuit have not hesitated to dismiss cases in which a debtor has filed its bankruptcy petition "to abuse the judicial process and the purposes of the reorganization provisions.…" *See In re*

---

[1] As may be evidenced by Exhibit F, the Final Judgment was amended for the sole purpose of correcting the redemption period for the United States of America.

5

*Midway Inv., Ltd.*, 187 B. R. 383 (Bankr. S.D. Fla. 1995); *In re Panache Dev. Co.*, 123 B.R. 929, 932 (Bankr. S.D. Fla. 1991); *In re Growers Properties No. 56, Ltd.*, 117 B.R. 1015 (Bankr. M.D. Fla. 1990); *In re Terra of America Trading, Inc.*, 109 B.R. 516 (Bankr. S.D. Fla. 1989); *In re Randy Homes Corporation*, 86 B.R. 259 (Bankr. M.D. Fla. 1988); *In re Orange Park South P'ship*, 79 B.R. 79 (Bankr. M.D. Fla. 1987); *In re Lotus Inv., Inc.*, 16 B.R. 592 (Bankr. S.D. Fla. 1981).

In evaluating whether a petition has been filed in bad faith, the Eleventh Circuit and other courts have developed several "circumstantial factors" evidencing bad faith:

a.   The debtor has only one asset;

b.   The debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors;

c.   The debtor has few employees;

d.   The property is the subject of a foreclosure action as a result of arrearages on the debt;

e.   The debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and

f.   The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. *Phoenix Piccadilly*, 849 F.2d at 1394-95.

Judicial findings of bad faith are predicated on a mix of some, but not all, of these "circumstantial factors" of bad faith. *Id.* It is also well-settled that, if an evaluation of these factors supports a finding of bad faith, the debtor's case must be dismissed, irrespective of whether the debtor has equity in its property and the potential for a successful reorganization:

> Because the bankruptcy court found that a bad faith filing occurred, it properly did not change the consequences of that finding [i.e., dismissal of the case] simply because of the debtor's possible equity in the property or potential for successful reorganization. . . . Rather, as this Court stated in *In re Natural Land*:
>
>> 'the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement.' 825 F.2d at 298.
>
> The possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith.

*Phoenix Piccadilly*, 849 F.2d at 1395; *See also Lotus Investments*, 16 B.R. at 594 (Bankr. S.D. Fla. 1981) (secured creditor demonstrated bad faith justifying case dismissal and stay relief, despite the fact that the undisputed testimony showed equity in the debtor's property).

The debtor has the burden of proof to show that its bankruptcy petition was filed in good faith. *In re Lotus Inv.*, 16 B.R. at 595; *In re RAD Properties, Inc.*, 84 B.R. 827, 829 (Bankr. M.D. Fla. 1988); *In re Sar-Manco, Inc.*, 70 B.R. 132, 139 (Bankr. M.D. Fla. 1986);

As set forth above, all six of *Phoenix Piccadilly's* circumstantial factors of bad faith appear in this case and, accordingly, the Debtor's bankruptcy case should be dismissed.

"Chapter 11 is not intended to be used simply as a means of preventing a creditor from enforcing its claims." *In re Mildevco, Inc.*, 40 B.R. 191, 193 (Bankr. S.D. Fla. 1984). "The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state." *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994) quoting *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985). The purpose of the Debtor's filing, on the other hand, is to frustrate ECCU's efforts to enforce its remedies under the Loan Documents. "The bankruptcy laws were simply not intended to be used as a sword by the rapacious." *In re Panache Dev. Co.*, 123 B.R. 929, 932 (Bankr. S.D. Fla. 1991).

7

In *In re Brandywine Assocs., Ltd.*, 85 B.R. 626 (Bankr. M.D. Fla. 1988), the debtor had a single real estate asset encumbered by a mortgage. Similar to the instant case, the debtor in *Brandywine* had no direct employees, and it had no material unsecured creditors. The debtor in *Brandywine* had been unable to generate sufficient cash flow to service its debt, and filed bankruptcy to delay a foreclosure. *Id.* at 628. The same facts apply here. The Court granted the secured creditor's motion to dismiss in *Brandywine*. *Id*. The result should be no different in the instant case.

In view of the history of this matter, the fact that the Debtor is a single asset entity, the fact that this is essentially a two-party dispute that could (and would) have been resolved in the pending Foreclosure Action, the fact that the Debtor filed this proceeding on the eve of the foreclosure sale in an effort to frustrate ECCU's legitimate efforts to enforce its rights, the fact that the Property has no equity, and the fact that the Debtor has only made two payments to ECCU over the four year history of this loan, this Court should dismiss this Chapter 11 case as a bad faith filing.

### B. In the Alternative, Stay Relief Should Be Granted Pursuant to 11 U.S.C. § 362(d)(1).

#### 1. The Debtor's Bad Faith Filing Constitutes Cause for Relief from Stay.

It is well-settled that a bad-faith bankruptcy filing constitutes sufficient cause for relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code. *See Phoenix Piccadilly*, 849 F.2d at 1394; *Laguna Assocs.*, 30 F.3d at 737; *In re Star Trust*, 237 B.R. 827, 833 (Bankr. M.D. Fla. 1999); *In re RAD Properties, Inc.*, 84 B.R. at 829 (Bankr. M.D. Fla. 1988); *In re Lotus Inv.*, 16 B.R. 592, 595-96 (Bankr. S.D. Fla. 1981).

The tests for bad faith are the same for both dismissal and for stay relief. *Phoenix Piccadilly, 849 F.2d at 1394.* As demonstrated above, the Debtor's bankruptcy filing under the

8

circumstances of this case is a classic bad-faith filing. Thus, in the alternative, ECCU requests relief from the automatic stay to proceed with the Foreclosure Action.

    2.    <u>The Debtor's Lack of Any Income to Service Its Obligation to ECCU Constitutes Cause for Relief from Stay.</u>

Bankruptcy courts have found "cause" to grant stay relief when it is clear that the debtor's income is insufficient to make loan payments. *See In re Carco P'ship*, 113 B.R. 735, 739 (Bankr. M.D. Fla. 1990) (relief from stay granted where debtor could only make monthly interest payments at contract rate but not at default rate); *In re Yanks*, 37 B.R. 394, 399 (Bankr. S.D. Fla. 1984) (stay relief granted where cash flow indicated debtor could not pay interest on outstanding promissory notes); *In re F&M Enterprises of Manatee County, Inc.*, 29 B.R. 115 (Bankr. M.D. Fla. 1983) (stay relief granted where maximum net monthly income of debtor could not service mortgage); *In re Polay*, 66 B.R. 543, 544 (Bankr. E.D. Pa. 1986) ("[T]he continued failure to tender periodic payments to a secured creditor under the terms of an underlying loan agreement may constitute 'cause' for relief under 11 U.S.C. 362(d)(1).").

Here, as may be evidenced from the Debtor's Schedules, Statement of Financial Affairs and Case Management Summary, the Debtor lacks sufficient income or other assets to fund a Chapter 11 plan. Accordingly, cause exists to grant ECCU relief from stay.

    3.    <u>Additional Factors Constitute Cause for Relief from Stay.</u>

The following additional factors constitute cause for relief from stay:

(a)    The Debtor has only made two payments to ECCU over the four year history of this loan, and the last payment was made over three and one-half years ago;

(b)    The Property has no equity;

(c)    ECCU is not adequately protected;

(d) The Debtor has commingled its funds with its affiliate, the Academy, rendering it impossible to distinguish between the assets of the Debtor and those of the Academy; and

(e) The Debtor continues to enjoy the use and possession of the Property, perhaps subjecting it to waste and/or depreciation, without compensating ECCU therefor.

### C.  In the Alternative, Stay Relief Should Be Granted Pursuant to 11 U.S.C. § 362(d)(2).

Section 362(d)(2) provides this Court with authority to grant relief from the automatic stay where (a) "the debtor does not have any equity in the property" and (b) "such property is not necessary to an effective reorganization."

In the present matter, as may be evidenced by the Appraisal, the Property is worth less than half the amount owed ECCU.

In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375, the Supreme Court described the second prong of Section 362(d)(2) as follows:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral is "necessary to an effective reorganization." What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property would be needed for it; but the property is essential for an effective reorganization *that is in prospect*. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time.

*Timbers*, supra, 484 U.S. at 375 (internal citations omitted) (emphasis in original).

As the Debtor lacks sufficient income or other assets to fund a Chapter 11 plan, the Debtor cannot meet its burden of establishing that there is a reasonable possibility of a successful reorganization within a reasonable time. As such, it is appropriate for this Court to grant relief from stay pursuant to Section 362(d)(2).

D.  **In the Unlikely Event that this Court Declines to Dismiss this Case or Grant Stay Relief, An Order for Adequate Protection is Necessary.**

In the unlikely event that this Court declines to dismiss this bankruptcy proceeding or, alternatively, grant stay relief, ECCU requests that this Court enter an Order, pursuant to 11 U.S.C. §§ 361 and 362, conditioning the continued effectiveness of the stay upon the Debtor making adequate protection payments, maintaining insurance in compliance with the Loan Documents, paying all post-petition property taxes as they become due and affording such other and further relief as is necessary to adequately protect ECCU.

**WHEREFORE**, ECCU respectfully requests that the Court enter an order: (i) dismissing this Chapter 11 case as a bad faith filing or, alternatively, granting ECCU relief from stay to exercise its rights and remedies against the Property, or, alternatively, affording adequate protection; (ii) imposing sanctions for this bad faith filing and awarding ECCU its attorneys fees; and (iii) granting such other and further relief as the Court deems just and proper.

**I HERBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, that I am in compliance with the qualifications to practice in this Court set forth in Local Rule 2090-1(A).

        **SHUTTS & BOWEN LLP**
        *Attorneys for Evangelical*
        *Christian Credit Union*
        1500 Miami Center
        201 South Biscayne Boulevard
        Miami, FL 33131
        Telephone: (305) 358-6300
        Facsimile: (305) 415-9873

        By:   */s/ Stephen P. Drobny*
              Stephen P. Drobny
              Florida Bar No. 55732
              Harris J. Koroglu
              Florida Bar No. 32597

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties listed below via ECF or first class U.S. Mail on this 13th day of March, 2011.

/s/ *Harris J. Koroglu*
Harris J. Koroglu

## SERVICE LIST

### Electronic Mail Notice List

- Stephen P. Drobny    sdrobny@shutts.com, mvandenbosch@shutts.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Zach B Shelomith    zshelomith@lslawfirm.net, aprager@lslawfirm.net;dverde@lslawfirm.net

### Manual Notice List

See Attached Matrix

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 12-11456-AJC<br>Southern District of Florida<br>Miami<br>Tue Mar 13 14:02:20 EDT 2012 | Evangelical Christian Credit Union<br>Shutts & Bowen LLP<br>1500 Miami Center<br>201 S. Biscayne Blvd.<br>Miami, FL 33131-4308 | Solid Rock Missionary Baptist Church Inc.<br>19000 SW 112 Ave<br>Miami, FL 33157-6600 |
| Evangelical Christian Credit Union<br>955 W Imperial Hwy<br>Brea, CA 92821-3815 | Evangelical Christian Credit Union<br>c/o Eric C. Reed, Esq.<br>300 S Orange Ave # 1000<br>Orlando, FL 32801-5403 | Florida Baptist Convention, Inc.<br>c/o W. Gary Yeldell, Esq.<br>POB 189<br>Keystone Heights, FL 32656-0189 |
| Genesis Development Group, LLC<br>c/o Valerie Brown, R.A.<br>5321 NW 9 Ave<br>Miami, FL 33127-1841 | Glendale Missionary Baptist Church<br>c/o Regina Echols, Esq.<br>3940 NE 13 Dr<br>Homestead, FL 33033-5933 | Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Pastor Rufus Troupe<br>14501 Monroe St<br>Miami, FL 33176-7437 | Solid Rock Christian Academy Inc.<br>19000 SW 112 Ave<br>Miami, FL 33157-6600 |
| Alan Fyne<br>1750 N University Dr #2229<br>Coral Springs, FL 33071-8903 | Zach B Shelomith<br>2699 Stirling Rd # C401<br>Ft Lauderdale, FL 33312-6598 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients   13
Bypassed recipients    1
Total                 14